# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HECTOR ROMAN-BAEZ,** | : | **No. 3:24-CV-1263** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SECURITY LIEUTENANT, _et al.,_** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Hector Roman-Baez initiated the above-captioned _pro se_ action

under 42 U.S.C. § 1983,[1] alleging an Eighth Amendment violation by prison

officials at the State Correctional Institution, Huntingdon (SCI Huntingdon), in

Huntingdon, Pennsylvania.  The court will dismiss Roman-Baez's complaint

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted but will provide leave to amend.

## I.   BACKGROUND

In his handwritten complaint, Roman-Baez alleges that on the morning of

July 1, 2024, he was attacked by his cellmate without warning or provocation.

(See Doc. 1 at 4).  According to Roman-Baez, the attack was serious and he had

to be taken to an outside hospital for X-rays and a CT-Scan.  (Id.)  In one

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

sentence of his complaint, he asserts that he "had address[ed] the situation to staff," i.e., "working officers."  (Id.)

Roman-Baez asserts that prison officials failed to protect him from his cellmate's attack and thus violated his Eighth Amendment rights.  (Id. at 5).  He sues an unidentified "Security Lieutenant" and prison "Administration."  (Id. at 2-3).  He seeks a declaration that his constitutional rights were violated, as well as compensatory and punitive damages.  (Id. at 5).  Roman-Baez, however, fails to state a claim upon which relief may be granted, so the court will dismiss his complaint.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees.  See 28 U.S.C. § 1915A(a).  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"  Id. § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a pro se prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v.

U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*)
(nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire
"whether a plaintiff will ultimately prevail but whether the claimant is entitled to
offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236
(1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must
accept as true the factual allegations in the complaint and draw all reasonable
inferences from them in the light most favorable to the plaintiff. See Phillips v.
Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts
alleged on the face of the complaint, the court may also consider "exhibits
attached to the complaint, matters of public record, as well as undisputedly
authentic documents" attached to a defendant's motion to dismiss if the plaintiff's
claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230
(3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998
F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a
three-step inquiry. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d
Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step
one, the court must "tak[e] note of the elements [the] plaintiff must plead to state
a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in

3

original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 681.

Because Roman-Baez proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Roman-Baez, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

As noted, Roman-Baez is asserting a failure-to-protect claim under the Eighth Amendment.  His complaint, however, is deficient for multiple reasons.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."  Rode v.

4

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also

Ashcroft, 556 U.S. at 676 (affirming same principle in Bivens context).  Rather, a

Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's

"personal involvement in the alleged misconduct."  Dooley, 957 F.3d at 374.

Personal involvement can include direct wrongful conduct by a defendant, but it

can also be demonstrated through evidence of "personal direction" or "actual

knowledge and acquiescence"; however, such averments must be made with

particularity.  Id. (quoting Rode, 845 F.2d at 1207).  Furthermore, it is equally

settled that involvement in the post-incident grievance process alone does not

give rise to Section 1983 liability.  See id. (affirming dismissal of claims against

prison officials for lack of personal involvement when officials' "only involvement"

was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F.

Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167

F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144

F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's

claims against certain defendants were "properly dismissed" because the

allegations against them "merely assert their involvement in the post-incident

grievance process").

　　　Roman-Baez's complaint is completely silent as to the alleged action (or

inaction) of the unidentified "Security Lieutenant" or members of the prison's

"Administration." In fact, Roman-Baez does not plead any allegations as to which prison official (or officials) failed to protect him from his cellmate's attack. Stated differently, Roman-Baez fails to allege that any specific defendant was involved in the purported unconstitutional conduct. Accordingly, the court must dismiss his Section 1983 complaint for lack of personal involvement.

### B.    Eighth Amendment Failure-to-Protect Claim

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (citation omitted), abrogated on other grounds by Mack v. Yost, 968 F.3d 311 (3d Cir. 2020). Prison officials, therefore, have "a duty to protect prisoners from violence at the hands of other prisoners." Id. (alteration in original) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly allege that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm." Bistrian,

696 F.3d at 367.  In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Id. (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)).  Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence." Id. (quoting Farmer, 511 U.S. at 842).

Roman-Baez's Eighth Amendment claim also fails because he has not pled facts showing that any prison official was deliberately indifferent to a substantial risk to his safety or that an official's deliberate indifference caused his harm. Roman-Baez, in fact, has not alleged *any* facts regarding what a particular prison official did (or did not do) that purportedly violated his Eighth Amendment rights. Without pleading allegations showing deliberate indifference or causation, this failure-to-protect claim must be dismissed for failure to state a claim for relief.

The court notes that Roman-Baez alleges that he "address[ed] the situation" with unidentified corrections officers, possibly before the attack. (See Doc. 1 at 4).  Thus, it is possible that he could plead additional facts that would state an Eighth Amendment claim.

**C.      Claim Against Prison "Administration"**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by *a person* acting under

color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis

supplied) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C.

§ 1983)).  Only "persons" are subject to suit under Section 1983; state agencies

such as the DOC do not qualify.  See Will v. Mich. Dep't of State Police, 491 U.S.

58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983

purposes); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (noting that a state

agency may not be sued under Section 1983 because it is not a "person"); Foye

v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017)

(nonprecedential) (dismissing Section 1983 claims against prison and

Department of Corrections because they "are not persons subject to suit under"

Section 1983).

Roman-Baez cannot sue SCI Huntingdon's "Administration" under Section

1983 because such a defendant is not a "person" subject to Section 1983 liability.

Roman-Baez must instead target his constitutional claims at "persons" as that

term is contemplated by 42 U.S.C. § 1983.  Accordingly, any Section 1983 claim

against SCI Huntingdon's "Administration" in general will be dismissed pursuant

to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."  Grayson, 293 F.3d at 114.  Any Section 1983 claim naming SCI Huntingdon's "Administration" will be dismissed with prejudice, as leave to amend would be futile.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").  This does not mean that Roman-Baez cannot sue specific prison administrators or officials, only that the "Administration" as a whole is an improper Section 1983 defendant.

It is conceivable that Roman-Baez could amend his pleadings to plausibly allege an Eighth Amendment claim.  If Roman-Baez chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth the failure-to-protect claim in short, concise, and plain statements, and in sequentially numbered paragraphs. Roman-Baez must address the pleading deficiencies identified in this

Memorandum.  He may not include claims that have been dismissed with prejudice.  In particular, he must specify the offending actions (or inaction) by a particular defendant, establishing that defendant's personal involvement in the alleged unconstitutional conduct.

Roman-Baez must also sign the amended complaint and indicate the nature of the relief sought.  He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Roman-Baez does not timely file an amended complaint, dismissal of his failure-to-protect claim will automatically convert to dismissal with prejudice and the court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the court will dismiss Roman-Baez's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Limited leave to amend will be granted.  An appropriate Order follows.

Date: _____9/4/24_____

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

10